302 February 26, 2025 No. 171

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. S. B., aka J. S. B. B., J., Jr.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

J. S. B.,
aka J. S. B. B., J.,
*Appellant.*

Douglas County Circuit Court
16JU09821; A182136

Kathleen E. Johnson, Judge.

Submitted January 28, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Joshua Crowther, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Youth, who came into the jurisdiction of the juvenile court in 2017 at age 12, for acts constituting attempted first-degree sodomy if committed by an adult, was placed in the custody of the Oregon Youth Authority for a period of 10 years. Youth is now age 18 and appeals from an order requiring him to register as a sex offender under ORS 163A.025. Youth contends that the juvenile court plainly erred in rejecting his request for relief from the sex offender reporting requirement in determining that youth had not established, by clear and convincing evidence, that he is rehabilitated, as required by ORS 163A.030(1).[1] Youth's specific argument on appeal is that the court plainly erred in relying on youth's housing situation as a basis for denying his request for relief.

Under ORS 163A.030(7)(b), a person seeking relief from the reporting requirement is required to show

"by clear and convincing evidence that the person is rehabilitated and does not pose a threat to the safety of the public. If the court finds that the person has not met the burden of proof, the court shall enter an order requiring the person to report as a sex offender under ORS 163A.025."

In determining that youth had not met his burden of proof, the court noted the evidence that youth had been living with his grandmother for several months, as well as his improved behavior during that time, but explained:

"After such a long period of difficulty abiding by rules and history of engaging in inappropriate behaviors, [the court does] not believe that [it] can view his rather short period of improved behavior as clear and convincing evidence that he has now been fully rehabilitated. [The court] believe[s] that more time in the community behaving appropriately is needed *** to constitute clear and convincing evidence."

After considering the juvenile court's order, it is clear that, contrary to youth's contention, the court did not rely on youth's housing situation as a basis for rejecting his motion. Rather, the court based its determination on the

---

[1] Youth also contends that he preserved this contention. We conclude, however, that he did not.

conclusion that, based on youth's conduct, there was insufficient proof that youth had been rehabilitated. We therefore reject youth's contention that relying on youth's housing situation as a basis for denying the request for relief from the sex offender reporting requirements was plain error.

We note further that, under our standard of review, in assessing the legal sufficiency of the evidence in support of the trial court's findings, we "view the evidence in the light most favorable to the juvenile court's determinations." *State v. A. L. M.*, 305 Or App 389, 399, 469 P3d 244, *rev den*, 367 Or 218 (2020). We have reviewed the record and conclude that, under our standard of review, the evidence was sufficient for the trial court to have made the determination that it did.

Affirmed.